IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ANGELA WEST**
P.O. Box 2936
Dayton, Ohio 45401

   Plaintiff,

vs.

**SECRETARY OF VETERANS AFFAIRS**
Denis McDonough
810 Vermont Avenue
Washington, D.C. 20420

   Defendant.

Case No.: 3:22-cv-292

Judge

**COMPLAINT WITH
JURY DEMAND**

---

Now comes Plaintiff Angela West ("West" or "Plaintiff") by her counsel, and for her Complaint against Defendant Secretary of Veterans Affairs hereinafter referred to as "Defendant" states as follows:

### I.  PARTIES, JURISDICTION & VENUE

1. This is an action for wrongful discharge predicated on disability discrimination and a hostile work environment pursuant to Rehabilitation Act of 1973, 29 U.S.C. §701, et seq.

2. Plaintiff is a resident of Montgomery County, Ohio and a current employee of the Department of Veterans Affairs, at the Dayton VA Medical Center.

3. Defendant Department of Veterans Affairs has various medical centers located in Ohio and other states, including locations in this judicial district.

4. Jurisdiction in this Court is proper at least pursuant to 29 U.S.C. §701, et seq. of the Rehabilitation Act of 1973. Plaintiff was subjected to discrimination and retaliation based on

her disabilities, and due to a hostile working environment.

5. Venue properly lies with the Southern District of Ohio because Defendant conduct business with this district.

6. On or about August 18, 2022, the Office of Employment Discrimination Complaint Adjudication, U.S. Department of Veterans Affairs issued a Final Agency Decision ("FAD") which, granted Plaintiff the right to bring this action in this Court no later than ninety days after Plaintiff's receipt of the decision. Plaintiff has timely filed this Complaint.

## II. FACTUAL BACKGROUND

7. Plaintiff restates the previous allegations of paragraphs 1-6 herein.

8. Plaintiff began employment with Defendant on November 13, 2007. At all relevant and material times hereto, Plaintiff was acting as Assistant Chief for Environmental Management Services (EMS).

9. On July 12, 2021 Plaintiff was served with a notice of temporary detail assignment to Engineering Services. The notice informed Plaintiff that an administrative investigation was being initiated to investigate allegations against her (and others) of bullying in the workplace and that during the investigation she would be detailed to Engineering Services as a general laborer effective July 13, 2021.

10. Besides Plaintiff, five additional EMS management officials were detailed outside of their normal positions pending the outcome of the investigation.

11. The aforesaid investigation lasted approximately four months; concluding on November 19, 2021. On that same day Plaintiff was advised that the investigation failed to substantiate any

allegations against her and she was being returned to her former work assignment effective November 22, 2021.

12. Plaintiff suffers from the following disabilities, stress, anxiety, depression, arthritis, allergies, high blood pressure, mixed connective tissue disease, back pain from a degenerative disc and a slipped disk.

13. Back on July 12, 2021 when notified about her detail, Plaintiff advised Defendant as to certain medical issues associated with her disabilities and expressed concerns about being able to safely perform the duties of the general laborer job. At that time Plaintiff also requested to telework.

14. When Plaintiff reported on July 13, 2021 to her detail position in Engineering Services, she notified Defendant's Chief of Maintenance of certain breathing issues and allergies and advised him as to certain outside allergies. The Chief acknowledged her concerns and advised Plaintiff she would not be working outside.

15. Also, on July 13, 2021 Plaintiff spoke with Defendant's Engineering Shop Supervisor and informed him that she could not perform such duties as scrubbing floors, cleaning carpets and stripping floors due to her medical issues and disabilities.

16. On July 23, 2021 Plaintiff spoke with Defendant's Reasonable Accommodation Coordinator (RAC) about her detailing and how that was affecting her medical conditions and took an updated doctor's note to Employee Health.. Later that day the RAC advised her that whoever had given her the detail would be able to change it and to let the RAC know if she needed anything else.

17. Plaintiff, around this same time also told the shop supervisor that she had a bad cough and that dust in the shop was exacerbating her cough. The supervisor then spoke to the maintenance chief and it was arranged for Plaintiff to work in a private office.

18. On August 2, 2021 Plaintiff reached out again to the RAC and advised him she was still experiencing medical issues and asked the RAC about requesting reasonable accommodations during a detail. At that time the RAC advised Plaintiff surprisingly that "it was not an accommodation issue."

19. Also on August 2, 2021 Plaintiff informed the RAC as to certain allergy issues.

20. On August 11, 2021 Plaintiff was moved from the shop to a vacant office and experienced dusty and hot work conditions, and that a fan was brought in because the building had problems with ventilation and air conditioning. Notwithstanding Plaintiff's persistent cough continued.

21. On or about August 25, 2021 Defendant moved Plaintiff to an office in another building. This office was not as dusty, but it had a strong odor, bugs and mouse traps under the desk and in corners, and ventilation system problems which resulted in her continuing to cough.

### III. CLAIMS FOR RELIEF
### A. DISABILITY DISCRIMINATION
### REHABILITATION ACT OF 1973

22. Plaintiff restates the previous allegations of paragraphs 1-21 herein.

23. Plaintiff is disabled and a member of a class of individuals protected from disability discrimination by the Rehabilitation Act of 1973.

24. Plaintiff performed her job duties at the Dayton VA in an exceptional manner, yet in July 2021, she was detailed from an acting chief position to another service as a general laborer based on allegations that later were determined to be unsubstantiated.

25. Plaintiff, before the detail as stated above functioned as an acting chief, but was detailed to a general laborer job, and assigned duties and working conditions which exacerbated her medical issues/disabilities.

26. After being detailed Plaintiff continuously and consistently requested that Defendant provide reasonable accommodations for her disabilities, but Defendant failed to provide effective accommodations for Plaintiff, resulting in the exacerbation of her disabilities.

27. Defendant engaged in a pattern of assigning Plaintiff new positions but none of the assignments were effective accommodations and this pattern of behavior also served to exacerbate Plaintiff's disabilities and was also retaliatory for Plaintiff's initial and subsequent requests for reasonable accommodation.

28. As a result of Defendant's unlawful actions Plaintiff also suffered emotional distress and experienced mental anguish, resulting in compensatory damages, and has been required to incur attorney fees and costs.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angela West respectfully demands judgment against Defendant Secretary of Veterans Affairs and prays for the following relief:

A. An award of compensatory damages in excess of $300,000;

B. Pre and post judgment interest;

C. Statutory damages;

D. Reasonable attorney fees and costs; and

E. Such other relief as this Court deems just of equitable.

Respectfully submitted,

DUWEL LAW

/s/ David M. Duwel
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH:   (937) 297-1154
FAX:  (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

/s/ David M. Duwel
Attorney at Law

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues claimed and pleaded.

/s/ David M. Duwel
David M. Duwel