UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA WEST,

    Plaintiff,

vs.

SECRETARY OF VETERANS AFFAIRS,

    Defendant.

Case No. 3:22-cv-292

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 16); (2) DIRECTING THE CLERK OF COURTS TO ENTER JUDGMENT IN FAVOR OF DEFENDANT; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This is a failure to accommodate case. Plaintiff Angela West alleges that her employer, the Department of Veterans Affairs ("VA"), failed to reasonably accommodate her alleged disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. Doc. No. 1 at PageID 1-4. Both sides are represented by counsel. This civil case is before the Court on a motion for summary judgment filed by Defendant Secretary of Veterans Affairs. Doc. No. 16. West responded (Doc. No. 23) and Defendant replied (Doc. No. 25). Thus, the motion is ripe for review. For the reasons that follow, the Court grants the motion.

## I.     BACKGROUND

### A. West's Employment at the VA

West works for the VA in Dayton, Ohio as a supervisory program specialist in Environmental Management Services ("EMS"). Doc. No. 14-1 at PageID 104. She has worked for the VA in some capacity since 2007 and became a supervisory program specialist in 2017. *Id.* at PageID 107.

West suffers from multiple medical issues, including thoracic outlet syndrome affecting her cervical spine, lower back pain from a bulging disc, arthritis, mixed connective tissue disease, fibromyalgia, high blood pressure, anxiety, depression, asthma, and allergies. *Id.* at PageID 132-38. When she became a supervisory program specialist, she received a special chair, desk, and mat as a reasonable accommodation for her cervical spine issue. *Id.* at PageID 142.

West testified that she is allergic to many things, including dust. *Id.* at PageID 138. However, during her time as a supervisory program specialist, she has not needed a reasonable accommodation for her allergies and has been able to perform her duties in that position. *Id.* at PageID 156-57, 166.

### B. Alleged Failure to Accommodate

On July 12, 2021, West was notified that she was being detailed from her supervisory position in EMS to a general laborer position in Engineering Services pending an investigation into her workplace conduct for potential bullying. Doc. No. 14-2 at PageID 338. The same day, West told her supervisor in EMS—Eddie Duff—that she was concerned she would not be able to do the work required of a general laborer in Engineering Services due to her allergies and back problems. Doc. No. 14-1 at PageID 222-23. She asked Duff if she could work remotely instead, but Duff did not know if that was possible. *Id.* at PageID 223.

The next day, July 13, 2021, West reported to her detail in Engineering Services. *Id.* at PageID 233. She immediately notified an Engineering Services supervisor—Joe Kucinsky—of her back issues, her allergies, and her concerns about working outdoors and lifting heavy things. *Id.* at PageID 233-34. West testified that Kucinsky told her that she would be assigned to the electric shop and would not be doing that type of work. *Id.* at PageID 234. Kucinsky took her to the electric shop and introduced her to the supervisor of that area—Richard Cole. *Id.* at PageID

235. West also told Cole that she had back issues and a dust allergy. *Id.* at PageID 235-37. Cole gave West a list of jobs and let her choose the activity that she thought was best. *Id.* at PageID 236. She chose to organize cabinets, which seemed to be the least labor-intensive job. *Id.*

However, because the cabinets were "really dusty," she started sneezing and coughing. *Id.* at PageID 236, 238. West testified that her coughing "got worse every day" until it was "violent" and she was "coughing all the time." *Id.* at PageID 238. During her breaks, she would go to her car to get relief from the dust. *Id.* at PageID 269. West explained that the coughing caused her to experience other aches and pains and increased her blood pressure. *Id.* at PageID 183-84. Additionally, at some unspecified time, she got her allergy medications adjusted and started seeing a mental health therapist. *Id.* at PageID 183-84, 277.

Due to her coughing, West emailed the VA allergy clinic. *Id.* at PageID 238. She received a letter from the clinic on July 16, 2021 stating that she "has [an] allergic sensitization to house dust mite[s]" and that the "dustier environment at work" was "triggering [a] cough and possibly bronchitis." Doc. No. 14-2 at PageID 342. The clinic recommended that West be relocated to a different work area without as much dust. *Id.* Sometime thereafter, West took the letter to the Employee Health Office. Doc. No. 14-1 at PageID 246. The Employee Health Office directed her to take the letter to the Reasonable Accommodation Office. *Id.* at PageID 247.

On July 23, 2021, West called the Reasonable Accommodation Office and spoke with Jeanette Hall. *Id.* at PageID 248-49, 255. She told Hall that she was having issues at her new job detail that were exacerbating her medical conditions. *Id.* at PageID 249. West testified Hall advised her that she should get her detail assignment changed by Duff instead of going through the reasonable accommodation process, because a reasonable accommodation would probably be denied. *Id.* at PageID 249-51. West "tried to call" Duff "a few times," but was not able to reach

3

him. *Id.* at PageID 251. She did not email him or try to talk to him in person. *Id.* at PageID 251-52.

At some point, West told Cole that organizing the cabinets was exacerbating her allergies and making her cough. *Id.* at PageID 241. West testified that Cole told her to "go do something else" or do nothing at all. *Id.* at PageID 241-42.

On August 2, 2021, West called the Reasonable Accommodation Office again. Doc. No. 14-2 at PageID 337. This time, Hall sent her the paperwork to submit a formal reasonable accommodation request. Doc. No. 14-1 at PageID 261-62. However, West never filled out the paperwork. *Id.* at PageID 262. She testified she was afraid she would be put on leave without pay pending a formal reasonable accommodation request. *Id.* at PageID 247.

On August 11, 2021, West was moved out of the shop to an office in Engineering Services. *Id.* at PageID 252-53, 256. This office was less dusty than the shop, but it was hot and did not alleviate her symptoms. *Id.* at PageID 254, 258. On August 25, 2021, West was moved to a second office. *Id.* at PageID 258; Doc. No. 14-2 at PageID 354. The second office was cooler, but still failed to alleviate her allergy concerns. Doc No. 14-1 at PageID 258-59.

West was moved to a front desk position in Human Resources on October 28, 2021. Doc. No. 14-2 at PageID 335. She testified that this workspace was dust-free enough not to exacerbate her allergies, but she was still dealing with the after-effects of being in the previous dusty environments. Doc. No. 14-1 at PageID 270.

On November 19, 2021—after approximately four months on detail—West was cleared to return to her supervisory position in EMS. She filed this disability discrimination lawsuit on October 14, 2022. Doc. No. 1.

4

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The burden is on the moving party to show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party . . . may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).

Additionally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

5

### III. ANALYSIS

West raises one claim in her complaint: disability discrimination based on a failure to accommodate in violation of the Rehabilitation Act. Doc. No. 1 at PageID 4-5. However, her complaint also mentions a "hostile work environment" and retaliation, which are evaluated as separate claims. *Id.* at PageID 1, 5; *Plautz v. Potter*, 156 Fed. App'x 812, 816-20 (6th Cir. 2005) (analyzing separately discrimination, retaliation, and hostile work environment claims brought under the Rehabilitation Act). Defendant moves for summary judgment in its favor as to all claims. Doc. No. 16.

#### A. Disability Discrimination Claim

The Rehabilitation Act prohibits federal agencies from discriminating against individuals based on a disability. *Bledsoe v. Tenn. Valley Auth. Bd. Dirs.*, 42 F.4th 568, 578 (6th Cir. 2022). Claims brought under the Rehabilitation Act are decided based on the same factors as claims brought under the Americans with Disabilities Act. *See Doe v. Salvation Army in U.S.*, 531 F.3d 355, 357 (6th Cir. 2008) (citing *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004)). Failure to provide a reasonable accommodation can constitute disability discrimination. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007).

To establish a *prima facie* case of disability discrimination based on a failure to accommodate, a plaintiff must show: (1) she has a disability; (2) she is qualified for the position; (3) the employer was aware of her disability; (4) she needed and requested an accommodation due to her disability; and (5) the employer failed to provide the necessary accommodation. *Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997). Defendant argues that West cannot prove the first, fourth, or fifth prongs of her *prima facie* case. Doc. No. 16 at PageID 398-99.

6

### 1. Alleged Disability

To establish the first prong of her *prima facie* case, West must show that she is disabled within the meaning of the Rehabilitation Act. *See Gaines*, 107 F.3d at 1175. A person is considered disabled under the Rehabilitation Act if she: (1) has a "physical or mental impairment that substantially limits one or more major life activities;" (2) has "a record of such an impairment;" or (3) is "regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities "include 'functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Mahon v. Crowell*, 295 F.3d 585, 590 (6th Cir. 2002) (quoting 45 C.F.R. § 84.3(j)(2)(ii)). A major life activity is substantially limited if "an individual is either unable to perform [an] activity that the average person in the general population can perform or is significantly restricted as to the condition, manner, or duration under which" she can perform that activity. *Boker v. Secretary, Dep't of Treasury*, No. 1:07-cv-46, 2009 WL 3199074, at *4 (S.D. Ohio Sept. 29, 2009).

For purposes of this claim, West alleges that only her dust allergy is a disability under the Rehabilitation Act. Doc. No. 23 at PageID 433. She asserts that her dust allergy is a physical impairment that affects her ability to work and breathe. *Id.* An allergy or other episodic impairment may be considered a disability if it is sufficiently severe—when active—to substantially limit a major life activity. *See Hostettler v. Coll. of Wooster*, 895 F.3d 844, 854 (6th Cir. 2018) (finding that a plaintiff's depression and anxiety were disabilities because they "substantially limited her ability to care for herself, sleep, walk, or speak" while she was having an attack). However, simply establishing a person has allergies, bronchitis, or a similar condition alone is insufficient to establish a disability. *Svoboda v. Timkensteel Corp.*, No. 5:18-cv-1443, 2020 WL 1513710, at *7 (N.D. Ohio March 30, 2020). West must also point to evidence showing

7

that such condition substantially impairs her ability to breathe or work. *See id.* at **5, 7 (concluding a doctor's note stating the plaintiff "suffers from reactive airway disease" and recommending the employer "limit his […] exposure to airborne particulate matter" was not sufficient evidence to establish that his asthma was a disability); *see also Dale v. McDonough*, No. 1:22-cv-10815, 2024 WL 1662904, at *8 (E.D. Mich. Feb. 28, 2024) (adopted by 2024 WL 1660525) (finding: (1) a shellfish allergy was a disability because it had caused the plaintiff to suffer from an itchy throat, swollen eyes, welts on her arms, breathing issues necessitating an inhaler, and anaphylactic shock; and (2) a formaldehyde allergy was not a disability because the plaintiff only presented a doctor's note stating that she has an allergic reaction to formaldehyde that causes shortness of breath).

The record does not show that West's dust allergy substantially limits her ability to work or breathe. West's opposition brief baldly asserts—without citation to the record—that "[s]he routinely communicated she could not work or breathe in the dusty conditions due to her allergies." Doc. No. 23 at PageID 434. While West testified that her coughing was "violent" and happening "all the time[,]" she does not explain how her dust allergy substantially limited her ability to do her job or breathe effectively. Doc. No. 14-1 at PageID 238; *see* Doc. No. 23 at PageID 433-34. The only medical evidence West presents is the letter from the allergy clinic stating that she "has [an] allergic sensitization to house dust mite[s]" that was "triggering [a] cough and possibly bronchitis." Doc. No. 14-2 at PageID 342. Thus, West has not come forward "with sufficient evidence, backed by medical support, that her condition is not merely transient or that that the limitation it causes is substantial." *See Whitesell v. FMS Fin. Mgmt. Servs., LLC*, No. 3:18-cv-496, 2020 WL 2770017, at *9 (M.D. Tenn. May 28, 2020).

8

Therefore, there is no genuine issue of fact as to whether West's dust allergy constitutes a disability, and summary judgment is appropriate on this independent basis.

### 2. Alleged Requested Accommodations

Assuming, *arguendo*, West's dust allergy is a disability, a reasonable jury could find that West requested a reasonable accommodation to move to a less dusty work environment. To establish the fourth prong of her *prima facie* case, West must show that she informed Defendant of the "limitations arising from [her] disability" and affirmatively requested an accommodation. *Cady v. Remington Arms Co.*, 665 Fed. App'x 413, 419 (6th Cir. 2016). West bears "the burden of proposing an accommodation and proving that it is reasonable." *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010). An accommodation is reasonable if the plaintiff shows that she is still capable of performing the essential functions of her job with the proposed modifications. *Id.*

Viewing the facts in the light most favorable to West, the record shows that she did inform Defendant of her dust allergy and the limitations resulting from it by telling multiple supervisors about her concerns before and during her detail to Engineering Services. Doc. No. 14-1 at PageID 222-23, 233-37, 249. Additionally, a reasonable jury could find that West proposed two accommodations: (1) a remote job assignment; and (2) a transfer to a less dusty work environment. Doc. No. 23 at PageID 434; Doc. No. 14-1 at PageID 223, 248-51.

West did not show that the first request—a remote job assignment—was a reasonable accommodation. *See* Doc. No. 23 at PageID 434-36. She does not explain how she would be able to perform the essential functions of her job from home. *See id.* She merely alleges that she requested to work remotely due to her dust allergy. *See id.*

9

However, a reasonable jury could find that West's second request—a transfer to a less dusty work environment—was reasonable. This is because West has worked in at least two offices that did not exacerbate her dust allergy. Doc. No. 14-1 at PageID 156-57, 166, 270. A reasonable jury could therefore conclude that moving her to a less dusty work environment would still allow her to perform the essential functions of her job. *See Cady*, 665 Fed. App'x at 418-19.

Thus, a reasonable jury could find that West satisfied the fourth prong of her *prima facie* case of failure to accommodate.

### 3. Alleged Failure to Provide an Accommodation

To establish the final prong of her *prima facie* case, West must provide evidence showing that Defendant failed to provide a reasonable accommodation. *See Gaines*, 107 F.3d at 1175. After "an employee notifies the employer of any limitations and requests an accommodation, the employer must discuss the limitations and potential accommodations with the employee." *Cady*, 665 Fed. App'x at 418. However, an employer does not have "a duty to provide every accommodation requested." *Gaines*, 107 F.3d at 1178. To determine what reasonable accommodation would be appropriate, the employer may initiate an interactive process with the employee and may require the employee to submit documentation supporting her requested accommodation. *Jakubowski*, 627 F.3d at 202; *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 812 (6th Cir. 2020). "Both parties must participate in this process […] in good faith." *Jakubowski*, 627 F.3d at 202. An employer participates in good faith so long as it "meets with the employee, discusses any reasonable accommodations, and suggests other possible positions for the plaintiff." *Id.* at 203. Additionally, "employers need not immediately implement or accept accommodations proposed by an employee" if the delay is caused by internal processing or other events outside the employer's control. *Tchankpa*, 951 F.3d at 812-13.

Here, even when the facts are construed in favor of West, the record shows that Defendant attempted to engage in the interactive process to accommodate her dust allergy.  West first went to the Reasonable Accommodation Office to speak with Hall on July 23, 2021.  Doc. No. 14-1 at PageID 248-49, 255.  According to West, Hall advised her that her reasonable accommodation request would likely be denied, and that she should get her detail assignment changed by Duff instead.  *Id.* at PageID 249-51.  When West could not get in contact with Duff, she returned to the Reasonable Accommodation Office ten days later, on August 2, 2021.  *Id.* at PageID 251; Doc. No. 14-2 at PageID 337.  At that point, Hall gave West the reasonable accommodation paperwork, but she never filled it out. Doc. No. 14-1 at PageID 261-62.  West testified that she was afraid she would be put on leave without pay if she filled out a formal accommodation request.  *Id.* at PageID 247.  However, this concern was merely West's speculation, because she had "seen that done to other employees."  *Id.* at PageID 262.  Thus, West "refused to engage in the interactive process as outlined by" Defendant because she did not pursue her accommodation application.  *See Wilson v. Ohio Dep't Mental Health & Addiction Servs.*, No. 2:20-cv-6184, 2023 WL 8237400, at *11-12 (S.D. Ohio Nov. 28, 2023) (concluding that the plaintiff "caused a breakdown in the interactive process" by failing to submit her formal application for a disability accommodation).  Therefore, there is no genuine issue of material fact that Defendant did not fail to accommodate West.  *See id.*

Additionally, even though West did not fully engage in the interactive process, Defendant still made multiple attempts to move West to a less dusty work environment.  On August 11, 2021—nine days after West's second visit to the Reasonable Accommodation Office—West was moved to an office that was less dusty than the shop.  Doc. No. 14-1 at PageID 254, 258.  When her dust allergy was not completely alleviated by this move, West was moved to a second office

on August 25, 2021.  *Id.* at PageID 258; Doc. No. 14-2 at PageID 354.  This move still proved ineffective to improve her symptoms.  Doc. No. 14-1 at PageID 258-59.  Finally, on October 28, 2021, West was moved to an office in Human Resources that was dust-free enough to satisfy her allergy concerns.  Doc. No. 14-2 at PageID 335.  Thus, Defendant participated in the interactive process in good faith and made multiple attempts to accommodate West until she was placed in a work environment that did not exacerbate her dust allergy.  In the end, West was not fired or otherwise punished for her disability; her request for an accommodation was resolved.

Therefore, a reasonable jury could not conclude that Defendant failed to provide West with a reasonable accommodation, and Defendant is entitled to summary judgment on the failure to accommodate claim.

### B.  Retaliation Claim

Although West did not assert a separate claim of retaliation, the word "retaliatory" was used in the complaint to describe Defendant's actions.  Doc. No. 1 at PageID 5.  Thus, the Court questions whether the complaint satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  However, in an abundance of caution—and because the parties briefed the issue—the Court will analyze whether West asserted a retaliation claim that survives summary judgment.

To establish a *prima facie* case of retaliation, a plaintiff must show: (1) she "engaged in [a] legally protected activity;" (2) the employer "knew about [her] exercise of this right;" (3) the employer "then took an employment action adverse to the plaintiff; and" (4) the protected activity caused the adverse employment action.  *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).  If West satisfies these initial elements, the burden shifts to Defendant "'to articulate some legitimate, nondiscriminatory reason' for its actions."  *Id.* at 551 (quoting *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 802 (1973)). If Defendant provides a legitimate, nondiscriminatory reason, the burden shifts back to West to show that the proffered reason was pretext for retaliation. *Id.* at 552.

West fails to establish—or even properly allege—a *prima facie* case of retaliation. First, she does not adequately identify the alleged legally protected activity. In her complaint, West asserts that Defendant's actions were "retaliatory for Plaintiff's initial and subsequent requests for [a] reasonable accommodation." Doc. No. 1 at PageID 5. By contrast, West's summary judgment opposition brief states that "Defendant retaliated against her for the filing of prior EEO claims." Doc. No. 23 at PageID 437. While West cites her own deposition, her testimony does not sufficiently identify any alleged EEO claims. *See* Doc. No. 14-1 at PageID 270-72. Second, West has also failed to allege or explain that the individual or individuals who took the alleged adverse actions knew about the EEO claims. *See* Doc. No. 23 at PageID 437. Third—while she alleges that moving her to different offices was an adverse employment action—West admits that these locations were less dusty than the previous locations. Doc. No. 14-1 at PageID 254, 258-9, 270. West's move to Human Resources was even dust-free enough to alleviate her allergy concerns. *Id.* at PageID 270. Thus, West does not explain how moves to offices that were less dusty were materially adverse employment actions. *See* Doc. No. 23 at PageID 437. Finally, West does not identify the timing of the EEO claims or provide other evidence sufficient for a finder of fact to determine there was a causal connection between the alleged protected activity and the alleged adverse actions. *See id.*

Therefore, West has failed to establish a *prima facie* case of retaliation, and Defendant is entitled to summary judgment on this claim.

13

### C. Hostile Work Environment Claim

Similar to the retaliation claim, West merely mentioned a "hostile work environment" in her complaint but did not assert a separate claim. Doc. No. 1 at PageID 1-2, 4-5. Again, the Court questions whether the complaint adequately states a claim as required by Federal Rule of Civil Procedure 8(a)(2). However, because the parties briefed the issue, the Court will analyze whether West asserted a hostile work environment claim that survives summary judgment.

To establish a *prima facie* case for a hostile work environment claim, a plaintiff must "demonstrate five elements: (1) [she] was disabled; (2) [she] was subject to unwelcome harassment; (3) the harassment was based on [her] disability; (4) the harassment unreasonably interfered with [her] work performance; and (5) defendant either knew or should have known about the harassment and failed to take corrective action." *Plautz*, 156 Fed. App'x at 818.

Again, West fails to properly allege or establish a *prima facie* case. In her complaint, she merely states that she "was subjected to discrimination and retaliation based on her disabilities, and due to a hostile work environment." Doc. No. 1 at PageID 1-2. West's memorandum in opposition to summary judgment does not cite to evidence creating a genuine issue of material fact as to any of the five elements of a hostile work environment claim. *See* Doc. No. 23 at PageID 437. West merely asserts that she was "exposed to dusty working conditions" and was advised that she could be placed on leave without pay or her accommodation request may be denied. *Id.* This is not sufficient to establish a *prima facie* case of hostile work environment. *See Plautz*, 156 Fed. App'x at 818. Thus, Defendant is entitled to summary judgment on this claim.

14

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (Doc. No. 16) and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

  May 13, 2024                                    s/Michael J. Newman
                                                                                Hon. Michael J. Newman
                                                                                United States District Judge